**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

WENDELL JOHNSON.

No. 10 CR 649
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The defendant in this case sought to acquire a copy of the docket in 10CR 649. The Clerk of Court provided him with a docket. What defendant also wanted was a transcript of the sentencing. This he doesn't have because there is no transcript of the sentencing proceedings.

The need for the transcript is quite vague. He wants "an investigation of, and quotation/citation from the Sentencing Hearing." This is desired so he can use it for purposes in order "to surpass any criticism or conclusory statements…without proof'" Johnson intends to file a motion and brief presumably having some relationship to his sentencing. There is no specific showing of need for the transcript in any event.

More importantly for him is the fact that no transcript of the sentencing here was made. The prosecution does not have a copy, no does the clerk, and it is not uncommon for transcripts to remain unprinted and carefully checked. It would be unusual for a transcript to be vetted and printed for the first time after the time to appeal a sentence has expired and, after that, the one-year time to file for relief under Section 2255 lapsed as well.

It may be that Johnson assumes that the prosecution will order the transcript and pay the costs of providing the transcript to Johnson. This is not the obligation of the prosecution. If Defendant wants the transcript, the defendant or friends will have to pay for the costly work of the court reporter. In any event, there is no showing of any specific need for this transcript.

The implicit motion to provide a free transcript of a sentencing hearing conducted about three years ago and after the time to appeal and the further time to file under 2255 is denied. The motion for leave to proceed in forma pauperis is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: November 20, 2015